[990 NYS2d 93]

In the Matter of MICHAEL BOLDUC, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 23, 2014

---

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Carolyn Mazzu Genovese* of counsel), for petitioner.

*McDonough & McDonough*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated January 15, 2013, containing two charges of professional misconduct, to which he admitted.

Charge one alleges that the respondent has been convicted of seven crimes, including two serious crimes within the meaning of 22 NYCRR 691.7 and Judiciary Law § 90 (4) (d). On February 8, 2007, in Vermont District Court, Windham Circuit, the respondent pleaded guilty, by waiver, to resisting arrest (Vt Stat Ann, tit 13, § 3017 [a] [1]), a misdemeanor in the State of Vermont. On February 8, 2007, the respondent was sentenced, inter alia, to a $500 fine on the charge of resisting arrest. On September 19, 2007, in Southampton Town Court, Suffolk County, New York, the respondent pleaded guilty to criminal contempt in the second degree (Penal Law § 215.50), a class A misdemeanor. On September 19, 2007, the respondent was sentenced to probation on the charge of criminal contempt in the second degree. On August 28, 2008, at the Village of Westhampton Beach Justice Court, Suffolk County, the respondent pleaded guilty to driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), an unclassified misdemeanor. On August 28, 2008, the respondent was sentenced to, inter alia, a $500 fine

on the charge of driving while intoxicated. On November 29, 2008, in the Criminal Court of the City of New York, the respondent pleaded guilty to theft of services (Penal Law § 165.15), a class A misdemeanor. On November 29, 2008, the respondent was sentenced to imprisonment (time served) on the charge of theft of services. On March 5, 2009, in the Criminal Court of the City of New York, the respondent was resentenced to 30 days imprisonment for his conviction of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), an unclassified misdemeanor, and concurrently sentenced for violation of probation on his previous conviction of driving while intoxicated. On March 5, 2009, in the Criminal Court of the City of New York, the respondent pleaded guilty to criminal mischief in the fourth degree (Penal Law § 145.00), a class A misdemeanor. On March 5, 2009, the respondent was sentenced to 30 days imprisonment on the charge of criminal mischief in the fourth degree. On April 10, 2010, in the Criminal Court of the City of New York, the respondent pleaded guilty to petit larceny (Penal Law § 155.25), a class A misdemeanor. On April 10, 2010, the respondent was sentenced, inter alia, to 90 days imprisonment on the charge of petit larceny. By virtue of any one or more of the foregoing convictions, the respondent engaged in illegal conduct that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer, and conduct prejudicial to the administration of justice, in violation of former Code of Professional Responsibility DR 1-102 (a) (3) and (5) (22 NYCRR 1200.3 [a] [3], [5]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b) and (d).

Charge two alleges that, following his convictions of the foregoing misdemeanors, the respondent failed to file a record of such convictions with the Appellate Division, Second Department, in violation of Judiciary Law § 90 (4) (c). By failing to file a record of any one or more of the foregoing convictions, the respondent engaged in conduct prejudicial to the administration of justice, and conduct adversely reflecting on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and Code of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) and (h).

Based upon the evidence adduced, including the respondent's admissions, we find that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we note that the respondent failed to appear for the hearing, despite multiple adjournments at his request. Counsel for the respondent represented that his client was out of state, and was financially unable to return to New York. Ostensibly, the respondent was attempting to borrow money, and/or utilize mileage points accrued by a friend. However, he was unsuccessful. The Special Referee found, and we agree, that these explanations for the respondent's failure to appear are unavailing, given that he had ample opportunity to appear. Moreover, despite representations by the respondent's counsel that his client was in a treatment program, and that he had been involved with the Lawyer's Assistance Program prior to leaving New York, the same was not proved. Indeed, the Special Referee found that no mitigation by way of testimony, affidavit, or letter was received from the respondent, or anyone else on his behalf. Ultimately, we are troubled by the multiplicity of crimes, several of which are alcohol-related offenses.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of three years.

ENG, P.J., RIVERA, SKELOS, DILLON and ROMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Michael Bolduc, is suspended from the practice of law for a period of three years, commencing immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 23, 2017. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael Bolduc, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to an-

other an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael Bolduc, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).