Matter of Norton (2018 NY Slip Op 05312)





Matter of Norton


2018 NY Slip Op 05312


Decided on July 18, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOHN M. LEVENTHAL, JJ.


2016-01535
2016-07185

[*1]In the Matter of Kyle E. Norton, admitted as Kyle Eric Norton, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Kyle E. Norton, respondent. (Attorney Registration No. 4100756)



DISCIPLINARY PROCEEDINGS instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 22, 2003, under the name Kyle Eric Norton. By decision and order on motion of this Court dated August 24, 2016, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on the acts of professional misconduct set forth in a verified petition dated January 14, 2016, the respondent was barred from relitigating any of the factual issues set forth in the verified petition based on the doctrine of collateral estoppel, and the issues raised were referred to the Honorable Michael F. Mullen, as Special Referee, to hear and report (Appellate Division Docket No. 2016-01535).



By decision and order on motion of this Court dated March 9, 2017, in a separate disciplinary proceeding, the respondent was immediately suspended based on his conviction of a serious crime and was directed to show cause at a hearing, pursuant to 22 NYCRR 1240.12(c)(2)(iv), before the Honorable Michael F. Mullen, why a final order of suspension, censure, or disbarment should not be made, based on his conviction of a serious crime and conviction of multiple other misdemeanor crimes (Appellate Division Docket No. 2016-07185).
Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated January 14, 2016, containing six charges of professional misconduct predicated on the findings and judgment of the United States Bankruptcy Court, Eastern District of New York, in a matter entitled The Bankruptcy Estate of Gino Ruffini and Lisa Ruffini v. Norton Law Group, PLLC, Law Offices of Kyle Norton P.C., and Kyle Norton, Esq. (Appellate Division Docket No. 2016-01535). Thereafter, upon notice to the Court by the Grievance Committee for the Tenth Judicial District of the respondent's convictions of multiple crimes, including a serious crime, the respondent was directed to show cause why a final order of sanction should or should not be imposed based on his convictions (Appellate Division Docket No. 2016-07185). Both matters were referred to the Honorable Michael F. Mullen, as Special Referee, to hear and report. Following a prehearing conference on May 24, 2017, the charges set forth in the verified petition, along with the convictions, were heard at a hearing on July 18, 2017, and August 28, 2017. In a written report addressed to both proceedings, the Special Referee sustained the charges set forth in the verified petition, and found that the respondent should be sanctioned with regard to his convictions. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. In response, the respondent has submitted an affirmation, joining in the Grievance Committee's motion and asking for the imposition of a six-month suspension.
Appellate Division Docket No. 2016-01535
Charges one through six pertain to Gino Ruffini and Lisa Ruffini, former clients of the respondent, who commenced a Chapter 13 bankruptcy proceeding on December 19, 2011. The United States Bankruptcy Court, Eastern District of New York (hereinafter Bankruptcy Court), confirmed the Ruffinis' Chapter 13 bankruptcy plan on September 27, 2012, and in the course of doing so, assigned special counsel to prosecute an action against the respondent on behalf of the bankruptcy estate with regard to the legal fees paid to the respondent. On October 19, 2012, an adversary proceeding was commenced against Norton Law Group, PLLC, Law Offices of Kyle Norton, P.C., and Kyle Norton, Esq., on behalf of the estate to recover $46,060.67, the amount the Ruffinis allegedly paid the respondent for legal services. By decision after trial dated February 25, 2014, the Bankruptcy Court issued its findings, and in a subsequent order following accounting dated April 3, 2014, the Bankruptcy Court awarded judgment against Norton Law Group PLLC, Law Offices of Kyle Norton, P.C., and Kyle Norton, Esq., individually and severally, in the sum of $30,537.
Charge one alleges that the respondent neglected a legal matter in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the following allegations: On June 12, 2009, the respondent entered into a retainer agreement with the Ruffinis to represent them in a mortgage modification for a flat fee of $3,300. Between December 8, 2009, and July 16, 2010, the respondent billed the Ruffinis on an hourly basis for work on the modification matter. On July 16, 2010, the respondent entered into a second retainer agreement with the Ruffinis to represent them in defense of a foreclosure action commenced by the lender. The second retainer agreement required a $5,000 retainer, which was deemed a minimum for services rendered, and provided that the retainer would be refreshed in increments of $2,500 as services were provided based on an hourly rate. The respondent received biweekly payments from the Ruffinis. By decision after trial dated February 25, 2014, the Bankruptcy Court found that the respondent failed to provide the Ruffinis with "even the most fundamental legal services," failed to give the Ruffinis reasonably equivalent value in exchange for the fees paid, failed to perform services that had been agreed upon, failed to provide services compliant with "even the minimum standards of ethical conduct in New York state," and rendered services "so deficient that they did not provide any value" to the Ruffinis.
Charge two alleged that the respondent failed to consult with his clients in order to [*2]make informed decisions about the case, in violation of rule 1.4(a)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the Bankruptcy Court's finding in its decision after trial that the respondent failed to consult with the Ruffinis in order to make decisions about their case.
Charge three alleges that the respondent failed to keep his clients informed of the status of their case, in violation of rule 1.4(a)(3) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the Bankruptcy Court's finding in its decision after trial that the respondent failed to keep the Ruffinis informed about the status of their case.
Charge four alleges that the respondent failed to promptly comply with his clients' request for information, in violation of rule 1.4(a)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the Bankruptcy Court's finding in its decision after trial that the respondent failed to promptly comply with the Ruffinis' repeated requests for information.
Charge five alleges that the respondent charged his clients an excessive fee, in violation of rule 1.5(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the Bankruptcy Court's findings that all amounts the respondent billed and was paid in excess of $3,300 relating to the mortgage modification were recoverable as fraudulent conveyances; that the respondent did not provide reasonably equivalent value in connection with the fees the Ruffinis paid for his representation in the foreclosure action; that the respondent did not provide the Ruffinis with any services that were comparable to the thousands of dollars paid; and that the Bankruptcy Court found the respondent's fee for the foreclosure defense work was presumptively excessive and awarded a judgment against him in the sum of $30,537.
Charge six alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the allegations set forth in charges one through five.
Appellate Division Docket No. 2016-07185
On March 24, 2016, the respondent pleaded guilty before the Honorable Richard T. Dunne, in District Court, Suffolk County, to the following nine offenses: (1) aggravated unlicensed operation of a vehicle in the third degree (two counts), in violation of Vehicle and Traffic Law § 511(1)(a), unclassified misdemeanors; (2) operation while registration or privilege is suspended or revoked, in violation of Vehicle and Traffic Law § 512, an unclassified misdemeanor; (3) operation of a motor vehicle under the influence of alcohol or drugs (two counts), in violation of Vehicle and Traffic Law § 1192(3), unclassified misdemeanors; (4) leaving the scene of an incident without reporting, personal injury (two counts), in violation of Vehicle and Traffic Law § 600(2)(a), misdemeanors; (5) criminal mischief in the fourth degree, in violation of Penal Law § 145.00(1), a class A misdemeanor; and (6) criminal possession of a controlled substance in the seventh degree, in violation of Penal Law § 220.03, a class A misdemeanor.
The aforementioned convictions arose from four incidents/arrests, all of which occurred in 2013:
1. On January 2, 2013, the respondent was charged with aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511[1][a]) and operating a motor vehicle with a suspended registration (Vehicle and Traffic Law § 512).
2. On May 16, 2013, the respondent was involved in a motor vehicle collision and charged with driving while intoxicated (Vehicle and Traffic Law § 1192[3]), and leaving the scene of an incident without reporting, personal injury (Vehicle and Traffic Law § 600[2][a]).
3. On May 21, 2013, the respondent was arrested for having kicked a glass door at a cell phone store, causing the glass to break. He was charged with criminal mischief in the fourth degree (Penal Law § 145.00[1]).
4. On November 15, 2013, the respondent was arrested again for operating a motor vehicle in an intoxicated condition, which involved a motor vehicle accident with a school bus, [*3]fleeing the scene of the accident, and a second motor vehicle accident with another vehicle that contained a pregnant woman and children. The respondent was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03); driving while intoxicated (Vehicle and Traffic Law § 1192[3]); leaving the scene of an incident without reporting, personal injury (Vehicle and Traffic Law § 600[2][a]); and aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511[1][a]).
The respondent was sentenced to three years' probation, and was made subject to an interlock device on his vehicle for three years, with respect to his conviction for operating a motor vehicle under the influence of drugs and alcohol emanating from his arrest on May 16, 2013. With respect to his conviction for the same offense arising from his arrest on November 15, 2013, the respondent was sentenced to a conditional discharge of one year, and was made subject to an interlock device on his vehicle for 12 months. With regard to the conviction of criminal possession of a controlled substance in the seventh degree, he was sentenced to a one-year conditional discharge. In addition, the respondent's driver license was revoked for six months; he was directed to pay various fines, surcharges, and fees, and restitution in the amount of $292; and he was directed to perform 420 hours of community service.
Based on the evidence adduced and the doctrine of collateral estoppel, we conclude that the Special Referee properly sustained the charges in the verified petition. We also conclude that the Special Referee properly determined that the respondent should be sanctioned for his multiple convictions. Accordingly, the Grievance Committee's motion, joined by the respondent, to confirm the report of the Special Referee is granted.
The respondent has an exceptionally lengthy prior disciplinary history consisting of, at least, seven Admonitions and eight Letters of Caution.
The respondent was issued at least seven Admonitions by the Grievance Committee: (1) on October 23, 2013, for neglecting a client matter entrusted to him; (2) on October 23, 2013, for failing to cooperate with a disciplinary investigation into a separate client matter; (3) on October 23, 2013, for neglecting another client matter entrusted to him; (4) on October 23, 2013, for neglecting yet another client matter entrusted to him; (5) on October 23, 2013, for failing to cooperate with a disciplinary investigation into a client matter; (6) on October 23, 2013, for failing to promptly comply with a client's reasonable requests for information; failing to properly supervise the activities of subordinate lawyers; and failing to properly supervise the activities of non-lawyers in the firm; and (7) on October 12, 2011, in connection with 11 separate client matters for (a) failing to reasonably consult with his clients regarding their loan modification matters, failing to keep his clients reasonably informed about the status of their matters, and failing to promptly comply with his clients' reasonable requests for information; (b) neglecting his clients' loan modification matters by failing to adequately receive, process, and forward documentation to their lenders in a timely and efficient manner; (c) intentionally failing to carry out contracts of employment entered into with his clients by refusing to continue working on their matters unless additional fees not contemplated in his initial retainer agreements were received; and (d) failing to adequately supervise non-lawyers in his employ. It was noted in the Admonition issued on October 12, 2011, that the respondent predominantly represented distressed homeowners seeking mortgage loan modifications, and that the complaints and allegations filed against him reflected a "disturbing pattern of professional misconduct."
The respondent was issued eight Letters of Caution by the Grievance Committee, advising him: (1) on July 19, 2011, to maintain adequate communications with his client; (2) on July 19, 2011, to ensure that all clients understand the terms of the retainer agreement, adequately communicate with his clients, and promptly deliver to clients property that they are entitled to receive; (3) on July 19, 2011, to adequately communicate with his clients and promptly deliver to [*4]clients property that they are entitled to receive; (4) on May 31, 2011, to promptly deliver to clients property that they are entitled to receive; (5) on February 22, 2011, to refrain from charging excessive fees and to promptly deliver to clients property that they are entitled to receive; (6) on January 7, 2011, to adequately communicate with his clients and promptly deliver to clients property that they are entitled to receive; (7) on October 7, 2010, to maintain adequate communications with his client; and (8) on October 7, 2010, inter alia, to maintain adequate communications with his client and promptly provide monies that his client is entitled to receive.
The respondent acknowledges that his disciplinary history, the multiplicity of offenses, and his use of a controlled substance are aggravating factors in this case. However, he claims that all of these events occurred while he was impaired from drugs, alcohol, and emotional and other personal issues. The respondent asks that the Court consider the following mitigating factors: his conduct did not involve the practice of law; he began abusing alcohol in 2008; the misconduct was limited to the time period of 2009-2010 and 2013 and took place while he was impaired; he has been sober since 2015 and is committed to maintaining sobriety; he intends to continue his participation in programs run by Alcoholics Anonymous and the Lawyers Assistance Program; the criminal court was impressed with his rehabilitation; and he has not violated his probation. The respondent admitted that he never paid the judgment awarded to the Ruffinis due to lack of funds. The judgment, he testified, was discharged in his bankruptcy.
As an initial matter, we disagree with the respondent's characterization that the conduct at issue did not involve the practice of law inasmuch as his misconduct with respect to the Ruffinis clearly occurred in the context of his representation of the Ruffinis in a legal matter. Moreover, the numerous other legal matters that were the subject of his seven Admonitions and eight Letters of Caution also involved the practice of law. This Court finds it extremely disturbing that the respondent's mishandling of the Ruffinis' legal matter exemplifies a pattern of professional misconduct dating as far back as 2008. The Ruffinis were not the only victims of the respondent's neglect. With respect to the respondent's claim that he was impaired during the entirety of the relevant period, we note, apart from the respondent's bare assertion that he began to abuse alcohol as far back as 2008, he did not submit evidence in the form of expert testimony or medical records to support his claim. The only documentary evidence submitted indicated that the respondent sought treatment and counseling for his addictions after his arrests in 2013.
Notwithstanding the above-mentioned mitigation, we find that the multiplicity of offenses, alone, merit a serious sanction (see Matter of Bolduc, 121 AD3d 106). The respondent's nine convictions, when considered with the respondent's serious professional misconduct with respect to the Ruffinis, the fact that the Ruffinis were never made whole, the respondent's lack of remorse, and the respondent's exceedingly lengthy prior disciplinary history, warrant a five-year suspension from the practice of law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.
ORDERED that on the Court's own motion, the above entitled disciplinary proceedings under Appellate Division Docket Nos. 2016-01535 and 2016-07185 are consolidated; and it is further,
ORDERED that the Grievance Committee's motion, in which the respondent joins, to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Kyle E. Norton, admitted as Kyle Eric Norton, is suspended from the practice of law for a period of five years, effective immediately, and continuing [*5]until further order of this Court. The respondent shall not apply for reinstatement earlier than January 18, 2023. In such application (see 22 NYCRR 691.11 and 1240.16), the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Kyle E. Norton, admitted as Kyle Eric Norton, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kyle E. Norton, admitted as Kyle Eric Norton, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kyle E. Norton, admitted as Kyle Eric Norton, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court